UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAJID ALFARAG,

        Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

        Defendant.

CASE NO. 3:23-CV-5305-DGE

ORDER RENOTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*

The District Court has referred Plaintiff Majid Alfarag's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On April 8, 2023, Plaintiff filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 1-1.

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

1     **Plaintiff's Application to Proceed IFP.** Plaintiff states that she is unemployed. *See* Dkt. 1 at 1. She has received $417 over the last twelve months in disability, unemployment, workers compensation, or other public assistance. *Id*. Plaintiff states she has $50 cash on hand and $100 in her bank accounts. *Id*. at 2. Plaintiff has no assets and her expenses exceed her income. *See* Dkt. 1.

    **Review of the Complaint.** Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). In the proposed complaint, Plaintiff alleges the United States Postal Service's abuse of her mail has caused her depression and anxiety. *See* Dkt. 1-1.

    ***Sua Sponte*** **Dismissal – Standard on Rule 12 (b).** Pursuant to Fed. R. Civ. P. 12(b), a case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." Under Fed. R. Civ. P. 12b)(6), a federal court may dismiss a case *sua sponte* when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

**Analysis of Plaintiffs' Claims**. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Plaintiff raises a claim under the Federal Tort Claims Act ("FTCA"). *See* Dkt. 1-1. "In an action under the FTCA, a court must apply the law the state courts would apply in the analogous tort action, including federal law." *Rhoden v. United States*, 55 F.3d 428, 431 (9th Cir. 1995). Plaintiff contends the United States Postal Service's negligent handling of Plaintiff's mail caused her depression and anxiety. Dkt. 1-1. It appears Plaintiff is raising a claim of negligent infliction of emotional distress.

In Washington, "[a] plaintiff may recover for negligent infliction of emotional distress if she proves negligence, that is, duty, breach of the standard of care, proximate cause, and damage, and proves the additional requirement of objective symptomatology. *Strong v. Terrell*, 147 Wash. App. 376, 387, 195 P.3d 977, 982 (2008). Here, the proposed complaint fails to provide sufficient factual allegations to show the United States Postal Service negligently handled Plaintiff's mail. Further, Plaintiff's conclusory allegations that she suffers from depression and anxiety because of the United States Postal Service's negligence is insufficient to show objective symptomology. Therefore, Plaintiff has failed to state a claim upon which relief can be granted.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). At this time, the Court finds Plaintiff should be afforded an opportunity to amend her proposed complaint to try to state a claim. Plaintiff's proposed amended complaint, if any, should be filed on or before May 25, 2023.

**Decision on Application to Proceed IFP**. A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987).

Based upon the above analysis of the deficiencies in the proposed complaint, the Court finds it appropriate to re-note Plaintiff's application to proceed IFP (Dkt. 1) to May 25, 2023.

Accordingly, it is hereby **ORDERED** that:

- Plaintiff's application to proceed *in forma pauperis* (Dkt. 1) is **RENOTED** to **MAY 25, 2023**; and

- Plaintiff's proposed amended complaint, if any, **IS DUE** on or before **MAY 25, 2023**.

Dated this 25th day of April, 2023.

David W. Christel
Chief United States Magistrate Judge

ORDER RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS - 4