UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAJID ALFARAG,

               Plaintiff,

    v.

UNITED STATES POSTAL SERVICE,

               Defendant.

CASE NO. 3:23-CV-5305-DGE

REPORT AND RECOMMENDATION

Noting Date: August 4, 2023

The District Court has referred Plaintiff Majid Alfarag's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On April 8, 2023, Plaintiff filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 1-1. After reviewing the proposed amended complaint, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. Therefore, the Court recommends this matter be dismissed with prejudice.

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C.

REPORT AND RECOMMENDATION - 1

§1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Plaintiff's Application to Proceed IFP.** Plaintiff states that he is unemployed. *See* Dkt. 1 at 1. He has received $417 over the last twelve months in disability, unemployment, workers compensation, or other public assistance. *Id*. Plaintiff states he has $50 cash on hand and $100 in his bank accounts. *Id*. at 2. He has no assets and his expenses exceed his income. *See* Dkt. 1.

**Review of the Complaint.** Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

In the proposed complaint, Plaintiff alleged the United States Postal Service's ("Postal Service") negligent abuse of his mail has caused him depression and anxiety. *See* Dkt. 6. On April 25, 2023, the Court reviewed Plaintiff's proposed complaint and found Plaintiff had not stated a claim upon which relief could be granted. Dkt. 3. The Court directed Plaintiff to file a proposed amended complaint that cured the deficiencies of the proposed complaint. *Id*. On July 7, 2023, Plaintiff filed a proposed amended complaint. Dkt. 6. The Court has reviewed the proposed amended complaint and relevant case law and finds the Postal Service has not waived sovereign immunity. Therefore, for the reasons detailed below, the Court finds this action must be dismissed.

***Sua Sponte* Dismissal – Standard on Rule 12(b).** Pursuant to Fed. R. Civ. P. 12(b), a case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." Under Fed. R. Civ. P. 12b)(6), a federal court may dismiss a case *sua sponte* when it is

clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

**Analysis of Plaintiffs' Claims**. Plaintiff raises a claim under the Federal Tort Claims Act ("FTCA"). *See* Dkt. 1-1. Plaintiff contends the Postal Service's negligent handling of Plaintiff's mail caused him depression and anxiety. Dkt. 6. "[T]he Postal Service enjoys federal sovereign immunity absent a waiver." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006). The Postal Reorganization Act provides that the FTCA "shall apply to tort claims arising out of activities of the Postal Service." 39 U.S.C. § 409(c). However, the FTCA qualifies the waiver of sovereign immunity for certain categories of claims and, if one of the exceptions applies, the bar of sovereign immunity remains. *Dolan*, 546 at 484-85. 28 U.S.C. § 2680, which identifies the FTCA exceptions, states, in relevant part:

> The provisions of this chapter and section 1346(b) of this title shall not apply to ... [a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.

28 U.S.C. § 2680(b). "As a consequence, the United States may be liable if postal employees commit torts under local law, but not for claims defined by this exception." *Dolan*, 546 U.S. at 485 (2006).

Here, Plaintiff seeks monetary damages for emotional stress caused by the Postal Service's negligent transmission and loss of his mail. The Postal Service has not waived sovereign immunity for this type of action. Therefore, the Postal Service is immune and Plaintiff's case must be dismissed. Accordingly, the Court recommends the Application to Procced IFP (Dkt. 1) be denied and this case be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on August 4, 2023, as noted in the caption.

Dated this 14th day of July, 2023.

David W. Christel
Chief United States Magistrate Judge